UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. |
| | : | |
| $4,160.00 IN UNITED STATES CURRENCY, | : | |
| | : | |
| ONE 1963 CADILLAC DEVILLE, VIN 63J024489, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| [CLAIMANTS: PASQUALE CESTARO, JR.; JULIE CESTARO] | : | August 1, 2018 |

VERIFIED COMPLAINT OF FORFEITURE

Now comes Plaintiff, United States of America, by and through its attorneys, John H. Durham, United States Attorney for the District of Connecticut, and David X. Sullivan, Assistant United States Attorney, and respectfully states that:

1. This is a civil action in rem brought to enforce the provision of 21 U.S.C. § 881(a)(6), which provides for the forfeiture of $4,160.00 as proceeds traceable to the exchange of controlled substances in violation of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.; and for the forfeiture of One 1963 Cadillac Deville VIN 63J024489 pursuant to 21 U.S.C. § 881(a)(4) because it constitutes a conveyance which was used, or intended to be used, to facilitate the transportation, sale, receipt, possession or concealment of a controlled substance in violation of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.

2. This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355. Venue is appropriate in the District of Connecticut by virtue of 28 U.S.C. § 1395(b).

1

3. The Defendants are $4,160.00 in United States Currency ("Defendant Currency"), and One 1963 Cadillac Deville VIN 63J024489 ("Defendant Vehicle").

4. The Defendant Currency and Defendant Vehicle are located within the jurisdiction of this Court.

5. On May 4, 2018, Pasquale Cestaro, Jr. submitted an administrative claim of ownership to the Defendant Currency. On May 17, 2018, Julie Cestaro submitted an administrative claim of ownership to the Defendant Vehicle.

### Background of Investigation

6. In March of 2018, law enforcement received information from a confidential informant ("CI") that Pasquale Cestaro ("Cestaro") was conducting multi-pound marijuana transactions from inside his business named "Bulldog Cartel Enterprises" located at 333 Quarry Road, Milford, Connecticut ("333 Quarry Road"). The CI has provided law enforcement with reliable and accurate information in the past which has resulted in the seizure of narcotics.

7. The CI told law enforcement that he/she saw approximately 15 pounds of marijuana inside 333 Quarry Road. The CI described the marijuana as being individually packaged in vacuum-sealed bags, with each bag containing approximately one pound of marijuana. The CI also described seeing packaging materials, a vacuum sealer, several scales, and THC vape cartridges within the property.

8. On March 13, 2018, based on the information provided by the CI, law enforcement received and executed a State of Connecticut Search and Seizure Warrant on 333 Quarry Road. Upon entry into 333 Quarry Road, law enforcement located two males inside the

premises, Cestaro and Scott Gilbert. Law enforcement later determined Gilbert had nothing to do with the illegal activities going on at 333 Quarry Road.

9. Law enforcement advised Cestaro that they had a search warrant for 333 Quarry Road. Cestaro immediately volunteered that he had some marijuana within the business and some personal use cocaine on his person. Law enforcement searched Cestaro's jean pockets and located 6.72 grams of cocaine and $4,160.00 in United States Currency.

10. At this time, law enforcement advised Cestaro of his Miranda Rights, which he acknowledged that he understood. Cestaro told law enforcement that there was approximately seven pounds of marijuana in the building, most of it locked in an orange storage box. Cestaro provided law enforcement with a key to the box. Cestaro also said that he had THC oil for vape cartridges and that his tan 1963 Cadillac Deville ("Defendant Vehicle") has some "shitty weed" inside of it. Law enforcement searched the Defendant Vehicle and located two garbage bags in the trunk of the vehicle. Within the garbage bags, law enforcement found numerous vacuum-sealed bags of marijuana totaling 25.5 pounds.

11. Including the marijuana located in the Defendant Vehicle, law enforcement's search of 333 Quarry Road resulted in the seizure of 38.8 pounds of marijuana, 183 plastic vials containing THC oil, a vacuum sealer, and a digital scale.

12. Pasquale Cestaro, Jr. was arrested and charged with violations of State of Connecticut Statutes: Possession of more than four ounces of marijuana; Operating a drug factory; Possession of a controlled substance with Intent to Sell; Possession of Narcotics; and Possession of Drug Paraphernalia.

13. After the execution of the warrant at 333 Quarry Road, Cestaro was asked if he had any illegal contraband at his residence located at 280 Short Beach Road, East Haven, Connecticut. Cestaro said he had some personal use cocaine, some THC oil cartridges, and two firearms. Law enforcement prepared a Consent to Search Premises form for 280 Short Beach Road, which Cestaro signed. Cestaro requested that he be allowed to accompany law enforcement to his residence. His request was granted.

14. Cestaro led law enforcement into the closet of the master bedroom where the following was found: a 20-gauge shotgun; 17.18 grams of cocaine; 78 plastic vials containing THC oil; 2.59 grams of marijuana; and 18 gummy bears which contained THC.

15. At this time Julie Cestaro, Pasquale Cestaro's wife, entered the master bedroom. Law enforcement asked her where the other gun was located and she told him it was under the mattress. Law enforcement lifted the mattress and found a loaded silver .38 special revolver. Neither Pasquale Cestaro, nor Julie Cestaro, possessed a valid Connecticut State Police Permit.

16. Law enforcement terminated the search and placed Pasquale Cestaro in a law enforcement vehicle for transport back to police headquarters for booking. Again, law enforcement advised Cestaro of his Miranda rights, which he said that he understood. Cestaro then told law enforcement the following: that he was selling marijuana because times were tough financially; that he bought marijuana for $2,200 a pound, and would be lucky to make $300 off the resale of the marijuana; and, that things weren't like they used to be.

17. For the offenses that occurred at 280 Short Beach Road, Pasquale Cestaro was further charged with violating Connecticut law for: Possession of Narcotics; Possession of

Narcotics with Intent to Sell; Possession of a Controlled Substance, Four Ounces or Less; Possession of a Controlled Substance with Intent to Sell; Possession of Drug Paraphernalia; Two Counts of Criminal Possession of a Firearm; and Criminal Possession of Ammunition.

18.   Law enforcement conducted a criminal background check on Cestaro which showed that Cestaro had been previously arrested for the following violations of Connecticut law:  Illegal Sale of Narcotics; Possession of Marijuana; Sale of a Controlled Substance; Assault in the Second Degree; and Assault in the Third Degree.

19.   Based on the above information, it is believed that $4,160.00 in United States Currency constitutes proceeds from the illegal sale and distribution of narcotics and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), and One 1963 Cadillac Deville VIN 63J024489 was used, or intended to be used, to facilitate the transportation, sale, receipt, possession or concealment of a controlled substance in violation of the Controlled Substances Act 21 U.S.C. §§ 801 et seq., and is, therefore, subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(4).

WHEREFORE, the United States of America prays that a Warrant of Arrest In Rem be issued for $4,160.00 in United States Currency and One 1963 Cadillac Deville VIN 63J024489; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the property to be condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

  /s/ John B. Hughes
JOHN B. HUGHES
ASSISTANT U. S. ATTORNEY


  /s/ David X. Sullivan
DAVID X. SULLIVAN
ASSISTANT U. S. ATTORNEY
157 CHURCH STREET, 25TH FLOOR
NEW HAVEN, CT  06510
(203) 821-3700
FEDERAL BAR # ct03793
David.Sullivan@usdoj.gov

## DECLARATION

I am a Task Force Officer for the Drug Enforcement Administration, and the agent assigned the responsibility for this case.

I have reviewed the contents of the foregoing Verified Complaint of Forfeiture and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 1st day of August, 2018.

    */s/ John Binkowski*
JOHN BINKOWSKI
TASK FORCE OFFICER
DRUG ENFORCEMENT ADMINISTRATION